Requestor David P. Fishbein, Town Attorney Town of Brookhaven 3233 Route 112 Medford, New York 11763
Written by: Patrick Barnett-Mulligan, Assistant Attorney General
Your office has requested our opinion as to whether a newspaper which has been designated by a town as an official newspaper continues to be an official newspaper if it changes its name, increases its circulation or does not publish for one week in order to retool.
Your letter notes that the Port Jefferson Record has been published for more than twenty years and has been an official newspaper of the Town of Brookhaven for many of those years. The paper has recently expanded from a local community newspaper to a town-wide paper. The expansion is accompanied by a change in the paper's name and format. In order to facilitate the change, the newspaper is not publishing for one week. The ownership, and the place of publication, however, remain the same.
By way of background, we note that the term "newspaper" is defined by section 60 of the General Construction Law. Section 60 provides, inter alia, that in order to qualify as a newspaper, a publication must be "printed and distributed ordinarily not less frequently than once a week, and has been so for at least one year immediately preceding" the notice or advertisement which is at issue (1979 Op Atty Gen [Inf] 175; 1946 Op Atty Gen [Inf] 97; see, Lefkowitz vHerell's Employment Guide, Inc., 89 Misc.2d 807 [Sup Ct, Albany Co, 1977]).
Section 64 of the Town Law authorizes a town to designate any number of newspapers as official newspapers if the newspaper is published in the town, and if the newspaper has been registered with the post office as second class mail matter (Town Law, § 64[11]). If there are no newspapers which satisfy the requirements of the Town Law, section 64
allows other appropriate newspapers to be designated as the official newspaper. The authority to designate certain specified newspapers as official is permissive, not mandatory (Cowan v Burns, 110 N.Y.S.2d 671 [Sup Ct, Suffolk Co, 1952]). If, however, the town elects to designate an official newspaper, and there is only one newspaper which meets the criteria for designation as official, that paper must be designated in favor of any non-qualifying publication (1980 Op Atty Gen [Inf] 230).
The first question we address is whether the closing down of the paper for one week affects the paper's status in relation to being in existence for one year. Section 60 of the General Construction Law requires only that a publication be printed and distributed "ordinarily" at least once a week in order to meet the definition of newspaper. A paper which misses a single weekly publication date in order for improvements to be made does not run afoul of this requirement. It can be fairly said that the "ordinary" course of business continues to be weekly publication, but due to extraordinary circumstances — installation of new equipment — no paper is published. Accordingly, we conclude that a cessation in publication for one week in order to effectuate improvements to the paper's physical plant does not have any effect on the paper's status as the official newspaper.
Furthermore, we also conclude that a change in the paper's name and format does not mean that the paper ceases to be an official newspaper, provided that it continues to meet the requirements of section 64. Such changes may, however, create some confusion inasmuch as it may make it difficult to identify the new version of the paper. It may be advisable, therefore, for the town to note the name change in a resolution.
We conclude that a newspaper which has been designated by a town as an official newspaper does not cease to be the official newspaper if it changes its name, changes its format, or if it closes down with no publication for one week in order to retool.
The Attorney General renders formal opinions only to officers and departments of the State government. This perforce is an informal and unofficial expression of views of this office.